UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-61982

RYAN TURIZO,
*Individually and*
*on behalf of all others similarly situated*,

        Plaintiff,                                   CLASS ACTION

v.                                              JURY TRIAL DEMANDED

CASSA GROVE 28, LLC d/b/a
ZOI HOUSE APARTMENTS,

        Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

        Plaintiff Ryan Turizo ("Plaintiff"), by and through undersigned counsel, seeks redress for

the illegal practices of Defendant CASSA GROVE 28, LLC d/b/a ZOI HOUSE APARTMENTS

("Defendant"), *to wit*, for Defendant's violations of 47 U.S.C. § 227, the Telephone Consumer

Protection Act, in support thereof, Plaintiff states the following:

**<u>NATURE OF THE ACTION</u>**

        1.      This is a putative class action under the TCPA arising from Defendant's knowing

and willfully violations.

        2.      To gain an advantage over its competitors and increase its revenue, Defendant

engages in unsolicited telemarketing with no regard for the privacy rights of consumers to, among

other things, promote the products and services Defendant holds open to the public for purchase.

        3.      Plaintiff seeks injunctive relief to halt the herein complained of illegal conduct of

Defendant, as Defendant's unsolicited marketing practices, among other things, invades the

privacy, harasses, aggravates, and disrupt of the daily life of thousands of individuals. Plaintiff further seeks statutory damages, individually and on behalf of the proposed class members, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

4.     Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendants.  Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

5.     Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction.  Further, Defendant's tortious conduct against Plaintiff occurred within the State of Florida and, on information and belief, Defendant have sent the same messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in sending such messages have occurred within this district, subjecting Defendant to jurisdiction in the State of Florida.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## PARTIES

6.      Plaintiff is a natural person who, at all times relevant to this action, was a resident of Broward County, Florida.

7.      Defendant is a Delaware corporation with its principal office located in Miami, Florida.

8.      Defendant directs, markets, and provides its business activities throughout the State of Florida.

## THE TCPA

9.      The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system or an artificial or prerecorded voice; (3) without the recipient's prior express consent.  47 U.S.C. § 227(b)(1)(A).

10.      The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

11.      The TCPA exists to prevent communications like the ones described within this Complaint.   "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012).

12.      In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice."  Breslow v. Wells Fargo Bank, N.A., 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), aff'd, 755 F.3d 1265 (11th Cir. 2014).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

13.     The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.  Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

14.     In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express **written** consent" for such calls to wireless numbers. *See* In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

15.     To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates."  In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

16.     The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12).  In determining

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. *See* <u>Golan v. Veritas Entm't, LLC</u>, 788 F.3d 814, 820 (8th Cir. 2015).

17.     "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" <u>Id</u>. (*citing* <u>Chesbro v. Best Buy Stores, L.P.</u>, 705 F.3d 913, 918 (9th Cir. 2012)).

18.     "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." <u>Golan</u>, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); <u>In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991</u>, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

19.     The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. *See* <u>In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991</u>, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call or in the future. <u>Id</u>. Put differently, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. *See* <u>In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991</u>, 18 FCC Rcd. 14014, ¶ 136 (2003).

20.     If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See* <u>In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991</u>, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

PAGE | **5** of **16**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
<u>www.JibraelLaw.com</u>

## FACTUAL ALLEGATIONS

21.     Plaintiff is the regular user and carrier of the cellular telephone number at issue, *to wit*, XXX-XXX-7820 (the "7820 Number" or "Plaintiff's Cellphone") and is the "Called Party" and recipient of Defendant's hereinafter described calls. *See* Breslow v. Wells Fargo Bank, N.A., 755 F. 3d 1265 (11th Cir. 2014); Osorio,746 F.3d 1242 at 1248.

22.     Plaintiff is the sole user and/or subscriber of the 7820 Number.

23.     Plaintiff has been on the National Do Not Call Registry since February 8, 2019.

24.     On or about September 24, 2020, Defendant first called Plaintiff's Cellphone to solicit undesirable services and/or products to Plaintiff.

25.     At all times material hereto, the number Defendant used to call Plaintiff's Cellphone is and was 786-686-3643.

26.     The call Defendant made to Plaintiff's Cellphone were made using an "automatic telephone dialing system" (an "ATDS") which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator (including, but not limited to, a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1).

27.     Plaintiff will testify that Plaintiff knew it was an ATDS because, when Plaintiff answered Defendant's alleged call(s), Plaintiff heard a pre-recorded voice message telling Plaintiff that the call was from Defendant, of which was followed by an extended pause before a live representative joined the call.

28.     The call at issue was placed by Defendant using a "prerecorded voice" as specified by 47 U.S.C. § 227(b)(1)(A).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

29.     The call to Plaintiff's Cellphone was not for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

30.     The call made to Plaintiff's Cellphone by Defendant was made knowingly and willfully.

31.     At no point in time did Plaintiff provide Defendant with Plaintiff's express written consent to be contacted by call using an ATDS or Pre-recorded Voice.

32.     Defendant caused calls with the exact, or substantially identical, audio recording to be transmitted to Plaintiff and members of the putative class throughout the 2020 calendar year.

33.     Defendant's call constitutes telemarketing because it encouraged the future purchase or investment in property, goods, or services, *i.e.*, the purchase and/or rental of residential property managed and/or owed by Defendant.

34.     The call(s) Defendant placed to Plaintiff's Cellphone without the express consent of Plaintiff resulted in resulted in injury to Plaintiff, *to wit*, the invasion of Plaintiff's privacy and the intrusion of Plaintiff's right of seclusion.

35.     The call(s) Defendant placed to Plaintiff's Cellphone without the express consent of Plaintiff resulted in injury to Plaintiff, *to wit*, the occupation of the telephone line associated with Plaintiff's Cellphone *via* an unwelcomed call from Defendant, making Plaintiff's Cellphone unavailable for legitimate calls, and/or making Plaintiff's Cellphone unavailable for outgoing calls while Plaintiff's Cellphone was ringing from Defendant's call.

36.     The call(s) Defendant placed to Plaintiff's Cellphone without the express consent of Plaintiff resulted in injury to Plaintiff, *to wit*, the unnecessary expenditure of Plaintiff's time. Plaintiff had to waste time to deal with the call logs produced by Plaintiff's Cellphone as a result of Defendant's unwanted call. Also, the unwanted call further impaired the usefulness of such

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

features, in that, such features are designed to inform Plaintiff of important missed communications.

37.     The call(s) Defendant placed to Plaintiff's Cellphone without the express consent of Plaintiff resulted in resulted in injury to Plaintiff, *to wit*, nuisance and annoyance to Plaintiff, whereby – for the call that Plaintiff answered – Plaintiff had to go through the unnecessary trouble of having to answer the unwanted .

38.     As a result of the above described call(s), Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress, and aggravation.

39.     Defendant violated the TCPA with respect to Plaintiff.

40.     Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff, as Defendant knew it did not have Plaintiff's prior express written consent to be contacted using an ATDS or pre-recorded voice.

## CLASS ALLEGATIONS

### PROPOSED CLASS

41.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, individually and on behalf of all others similarly situated.

42.     Plaintiff brings this case on behalf of a class (the "**No Consent Class**") defined as and/or comprised of all persons within the United States who, within the four years prior to the commencement of this action: [1] were transmitted a call by or on behalf of Defendant [2] on his or her cellular telephone [3] using the same equipment and/or pre-recorded voice utilized by Defendant to transmit a call to Plaintiff [4]  for the purpose of advertising and/or promoting Defendant's products and/or services.

43.     Plaintiff brings this case on behalf of a class (the "**DNC Registry Class**") defined as and/or comprised of all persons within the United States who, within the four years prior to the commencement of this action: [1] were transmitted a call by or on behalf of Defendant [2] more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of advertising and/or promoting Defendant's products and/or services.

44.     Defendant and its employees or agents are excluded from the **No Consent Class** and the **DNC Registry Class** (collectively, the "Classes"). Plaintiff does not know the number of members in either of the Classes but believes the number of members in each class to be in excess of several thousand.

## NUMEROSITY

45.     Upon information and belief, Defendant has sent the complained of calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without said consumer's prior express consent. The members of each of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

46.     The exact number and identities of the Classes' members are unknown at this time and can be ascertained only through discovery. Identification of the members of each class is a matter capable of ministerial determination from Defendant's communication records and/or logs.

### Common Questions Of Law And Fact

47.     There are numerous questions of law and fact common to members of the **No Consent Class** that predominate over any questions affecting only individual member, as is the same for members of the **DNC Registry Class**. Among the questions of law and fact common to members of both classes are: [1] whether Defendant made non-emergency calls to the cellular

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

telephones of Plaintiff and members of the Classes using an ATDS; [2] whether Defendant can meet its burden of showing that it secured prior express written consent to transmit the calls at issue; [3] whether Defendant's conduct was knowing and willful; [4] whether Defendant is liable for damages and the mount of such damages; [5] whether Defendant should be enjoined from such conduct in the future.

48.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmit calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the **DNC Registry Class** members, along with Plaintiff and the **No Consent Class** members, will have identical claims capable of being efficiently adjudicated and administered in this case.

**Typicality**

49.     Plaintiff's claims are typical of the claims of the Classes' members, as they are all based on the same factual and legal theories.

**Adequacy / Protecting The Interests Of The Class Members**

50.     Plaintiff is a representative who will fully and adequately assert and protect the interests of each of the Classes, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

51.     In addition, Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, including those involving violations of the TCPA. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other respective members of the classes and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interests adverse to those of the other members of either of the Classes.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**Proceeding Via Class Action Is Superior And Advisable**

52.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members, for both Classes, is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by each of the Classes are, separately, in the millions of dollars, the individual damages incurred one member of either of the Classes resulting from Defendant's wrongful conduct is too small to warrant the expense of individual lawsuits. The likelihood of individual class members prosecuting his or her own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

53.     The prosecution of separate actions by members of either the **No Consent Class** or the **DNC Registry Class** would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of either of the Classes, although certain class members are not parties to such actions.

## *COUNT I*
## *VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(b)*
### *(No Consent Class)*

54.     Plaintiff incorporates paragraphs 1 through 53 as if fully set forth herein.

55.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

56.     Defendant used equipment having the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and dial such numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the No Consent Class.

57.     Defendant used equipment having the capacity to store telephone numbers to be called and dial such numbers in sequential order without human intervention, to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the No Consent Class.

58.     Defendant used equipment having the capacity to store telephone numbers to be called and dial such numbers in sequential order, to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the No Consent Class.

59.     Defendant used equipment having capacity to dial numbers from a list of numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the No Consent Class.

60.     Defendant used artificial and/or pre-recorded voice to make non-emergency calls to the cellular telephones of Plaintiff and the other members of the No Consent Class.

61.     These calls were made without regard to whether Defendant had first obtained express written consent from the called party to make such calls. In fact, Defendant did not have prior express written consent to make calls to the cell phones of Plaintiff or the other members of the No Consent Class.

62.     Defendant has, thus, violated § 227(b)(1)(A)(iii) by using an automatic telephone dialing system and/or pre-recorded voice to make non-emergency telephone calls to the cell phones

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

of Plaintiff and the other members of the No Consent Class without the prior express written consent of the called individual.

63.     Defendant knew that it did not have prior express written consent to make these calls, Defendant knew or should have known that it (Defendant) was using equipment that constituted an automatic telephone dialing system, and Defendant knew or should have known that it (Defendant) was using artificial and/or pre-recorded voice in connection with the complained of calls. The violations were therefore willful or knowing.

64.     As a result of Defendant's conduct, and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the No Consent Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the No Consent Class are also entitled to an injunction against future calls.

65.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the No Consent Class.

*COUNT II*
**VIOLATION OF THE TCPA, 47 U.S.C. § 227**
*(DNC Registry Class)*

66.     Plaintiff incorporates paragraphs 1 through 53 as if fully set forth herein.

67.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

68.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

69.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

70.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

71.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the DNC Registry Class members who registered their respective telephone numbers on the National Do Not Class Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

72.     Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the DNC Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the DNC Registry Class suffered actual damages and,

---

[1]  Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003). Available at https://apps.fcc.gov /edocs_public/attachmatch/FCC-03-153A1.pdf

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

73.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the DNC Registry Class.

## **PRAYER FOR RELIEF**

75.     **WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a.     An order certifying this case as a class action on behalf of the No Consent Class and DNC Registry Class as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b.     An award of actual and statutory damages for Plaintiff and each member of the No Consent and Do Not Call Registry classes;

c.     As a result of Defendant's violations of 47 U.S.C. §§ 227, et seq., Plaintiff seeks, individually and for each member of the Classes, $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 277(b)(3)(B);

d.     Treble damages, as provided by statute, up to $1,500.00 for each and every violation per 47 U.S.C. § 277(b)(3)(B) and § 277(b)(3)(C);

e.     An order declaring Defendant's actions, as set out above, violate the TCPA;

f.     A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

g.     An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the No Consent Class and the DNC Registry Class;

h.     An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining recipient's consent to receive calls made with such equipment;

i.     An award of reasonable attorneys' fees and costs, and

j.     Such further and other relief as the Court deems necessary.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## JURY DEMAND

76.    Plaintiff hereby demands a trial by jury.

DATED: September 30, 2020

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone:    954-907-1136

*COUNSEL FOR PLAINTIFF*